IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CYBOENERGY, INC.,**<br>        **Plaintiff,**<br>   v.<br><br>**ALTENERGY POWER SYSTEM USA, INC.,**<br>        **Defendant.** | Case No. 6:22-cv-01136<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

CyboEnergy, Inc. ("CyboEnergy") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 8,786,133 ("the '133 patent") and 9,331,489 ("the '489 patent") (referred to as the "Patents-in-Suit") by Altenergy Power System USA, Inc ("APsystems").

**I.   THE PARTIES**

1. Plaintiff CyboEnergy is a Delaware Corporation with its principal place of business located in Sacramento County, California.

2. On information and belief, APsystems is a corporation existing under the laws of Washington with a regular and established place of business located at 8701 N Mopac Expy Ste 160, Austin, TX 78759. On information and belief, APsystems sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent, Andrew Lonseth, 600 Ericksen Avenue N.E., Suite 200, Bainbridge Island,

1

Washington 98110, or wherever they may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '133 Patent

6. On July 22, 2014, U.S. Patent No. 8,786,133 ("the '133 patent," attached as Exhibit C) entitled "Smart and Scalable Power Inverters" was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '133 patent by assignment.

7. The '133 patent relates to novel and improved power inverters.

8. APSYSTEMS maintains, operates, manufactures, offers for sale and sells power inverters that infringe one or more claims of the '133 patent, including one or more of claims 1-24, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '133 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following the chart attached as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) such as to cause infringement of one or more of claims 1-24 of the '133 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '133 patent and the technology underlying it from at least the filing date of the lawsuit against Sensata, Inc of October 15, 2021, as Sensata used APsystems inverters.[1] For clarity, direct infringement is previously alleged in this complaint.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-24 of the '133 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services and the component is a material part of the invention. Moreover, Defendant has known of the '133 patent and the technology underlying it from at least the filing date of the lawsuit against Sensata, Inc of October 15, 2021, as Sensata used APsystems inverters.[2] For clarity, direct infringement is previously alleged in this complaint.

12. APSYSTEMS has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the '133 patent.

**B. Infringement of the '489 Patent**

13. On May 3, 2016, U.S. Patent No. 9,331,489 ("the '489 patent," attached as Exhibit D) entitled "Maximizing Power Production at Low Sunlight by Solar Power Mini-Inverters" was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '489 patent by assignment.

14. The '489 patent relates to novel and improved power inverters.

15. APSYSTEMS maintains, operates, manufactures, offers for sale and sells power

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

inverters that infringe one or more claims of the '489 patent, including one or more of claims 1-16, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '489 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) such as to cause infringement of one or more of claims 1-16 of the '489 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '489 patent and the technology underlying it from at least the filing date of the lawsuit against Sensata, Inc of October 15, 2021, as Sensata used APsystems inverters.[3] For clarity, direct infringement is previously alleged in this complaint.

18. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-16 of the '489 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services and the component is a material part of the invention.  Moreover, Defendant has known of the '489 patent and the technology underlying it from at least the filing date of the lawsuit against Sensata, Inc of October 15, 2021, as Sensata used APsystems inverters.[4] For clarity, direct infringement is previously alleged in this complaint.

19.   APSYSTEMS has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the '489 patent.

**IV. PRAYER FOR RELIEF**

WHEREFORE, CyboEnergy prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award CyboEnergy damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award CyboEnergy an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

---

[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award CyboEnergy its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award CyboEnergy such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for CyboEnergy, Inc.*