**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| CYBOENERGY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ALTENERGY POWER SYSTEM USA, INC., <br><br> *Defendant.* | Civil Action No. 6:22-cv-01136-KC <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO DISMISS DIRECT INFRINGEMENT OF
U.S. PATENT NO. 8,786,133**

1

## <u>STATEMENT OF ISSUES</u>

1. Whether the Court should dismiss all claims of direct infringement of U.S. Patent No. 8,786,133 under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.      INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Altenergy Power System USA, Inc. ("APsystems") moves this Court to dismiss Plaintiff CyboEnergy, Inc.'s ("CyboEnergy" or "Plaintiff") claims of direct infringement of U.S. Patent No. 8,786,133 ("the '133 Patent").

The '133 Patent claims a system and method relating to a power inversion system consisting of multiple individual power inverters connected to each other, the power source (e.g. solar panels), and the power grid in a specific manner. For the charted system claim 15, the Complaint (Dkt. 1) fails to allege that APsystems makes, uses, offers to sell, or sells the claimed power inversion *system* consisting of multiple connected inverters.  At most, the Complaint (and attached Exhibit A) alleges that APsystems makes, uses, offers to sell, or sells *individual* power inverters that hypothetically could be used in the claimed multi-inverter system.  Similarly, for the charted method claim 19, the Complaint does not allege that APsystems practices each step of the claimed method such as connecting solar panels to the inverters and providing power to the grid. At most, the Complaint alleges that APsystems manufactures and sells individual inverters that others can use to practice the claimed method.  Therefore, the Court should dismiss CyboEnergy's claim of direct infringement of the '133 Patent.

## II.     FACTUAL BACKGROUND

CyboEnergy filed its Complaint on October 28, 2022. The Complaint alleges, *inter alia*, that APsystems directly infringes the '133 Patent. Complaint, ¶¶ 6-9.

### A.      The '133 Patent

The '133 Patent has 18 system claims. The Complaint charts independent claim 15 as a representative claim. (Complaint, Exhibit A.)  Claim 15 reads as follows:

A scalable DC to AC power inversion system for providing AC power to a power grid from a plurality of individual DC power sources each having a DC power output port, comprising:

a) a plurality of power inverters, each of said power inverters including a single DC-AC inverter, at least two DC power input ports coupled to the single DC-AC inverter, an AC power input port, and an AC power output port coupled to the single DC-AC inverter, each of said DC power input ports having one DC power source connected thereto;

b) said AC power output port of each power inverter being connected in a daisy chain to the AC power input port of the next power inverter, except for the AC power input port of the first power inverter being left open, and the AC power output port of the last power inverter being connected to a power service panel of the power grid;

c) whereby said system is incrementally scalable by adding or subtracting DC power sources and daisy-chained inverters.

The '133 Patent also has six method claims. The Complaint charts claim 19 as a representative method claim. (Complaint, Exhibit A.) Claim 19 reads as follows:

A method of making a DC to AC power conversion system incrementally scalable, comprising:

a) providing a plurality of DC power sources and a plurality of DC to AC power inverters, said DC to AC power inverters each having a single DC-AC inverter, an AC input port coupled to the single DC-AC inverter, an AC output port coupled to the single DC-AC inverter, and at least two DC input ports coupled to the single DC-AC inverter;

b) connecting at least one of said DC power sources, respectively, to each of said DC input ports; and

c) providing AC power to the power grid.

**B.    Accused Products**

The Complaint accuses four specific products of infringing the '133 Patent—the YC-500, YC-600, YC-1000, and QS1 inverters. (Complaint, Exhibit A.) The Complaint does not identify any allegedly infringing multi-inverter systems.

### III.     LEGAL STANDARD

#### A.     Motion To Dismiss Pursuant to Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Facial plausibility exists only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Dismissal is thus appropriate if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  And "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 555.

### IV.     THE COMPLAINT FAILS TO PLEAD SUFFICIENTLY DIRECT INFRINGEMENT OF THE '133 PATENT

#### A.     System Claims

The claim chart for the '133 Patent attached to the Complaint as Exhibit A shows that none of the accused products meets all the limitations of representative Claim 15.  Claim 15 discloses a multi-inverter power inversion system in which the individual inverters are connected to each other, the power source, and the power grid in a specific manner.

The claim chart for Claim 15 expressly is directed to a hypothetical "DC to AC power inversion system ***enabled by APsystems inverters***," and not the accused APsystems inverters themselves. (Complaint, Exhibit A at 2 (emphasis added).)  Because the accused products are individual power inverters, the Complaint fails to allege that the accused products meet multiple limitations of Claim 15.

***Limitation 15(a)***: Limitation 15(a) requires "a plurality of power inverters." This limitation also requires that each inverter in the system must also have "at least two DC power input ports" and each of the DC power input ports must "hav[e] one DC power source connected thereto."

While the claim chart parrots the claim language, the actual product images in Exhibit A demonstrate that none of the DC input ports in the accused inverters have a "DC power source connected thereto" as seen in the below example:



Complaint, Exhibit A at 3. Thus, the Complaint does not (and cannot) allege that APsystems makes, uses, offers to sell, or sells any (i) multi-inverter system; or (ii) an inverter with DC power sources (*e.g.*, solar panels) already connected to two separate DC power input ports.  For at least these two separate reasons, CyboEnergy has failed to allege sufficiently that limitation 15(a) is satisfied by any accused APsystems product.

***Limitation 15(b)***: Limitation 15(b) requires that the individual power inverters in the claimed system be "***connected in a daisy chain*** to the AC power input port of the next power inverter, except for the AC power input port of the first power inverter ***being left open***, and the AC power output port of the last power inverter ***being connected to a power service panel of the power grid***."  (Complaint, Exhibit A at 4 (emphasis added).)  The chart for this element merely cites instructions from a user manual showing customers how to connect two separate power inverters together. (*Id.*).  CyboEnergy does not (and cannot) allege that APsystems manufactures, uses, offers to sell, sells, or imports its power inverters as a multi-inverter system with all the

connections required by claim limitation 15(b). So CyboEnergy also has failed to allege sufficiently that limitation 15(b) is satisfied by any accused APsystems product.

**_Limitation 15(c)_**: Limitation 15(c) requires "said system" described in the two previous limitations. Thus, for the same reasons the allegations of infringement of limitations 15(a) and 15(b) are not satisfied, CyboEnergy likewise fails to allege that limitation 15(c) is met by any accused product.

**_Additional System Claims:_** The other system claims contain, *inter alia*, limitations that are substantively identical to Limitations 15(a) and 15(b) that CyboEnergy has failed to allege are met by the accused products. Therefore, CyboEnergy also has failed to allege sufficiently that any system claim of the '133 Patent is infringed.

**B.    Method Claims**

An accused infringer can only directly infringe a method claim when the accused infringer performs each and every step of the claimed method. *E.g., Lucent Techs. v. Gateway*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) ("To infringe a method claim, a person must have practiced all steps of the claimed method."). The Federal Circuit has long held that "[t]he sale or manufacture of equipment to perform a claimed method is not direct infringement within the meaning of 35 U.S.C. § 271(a)." *Moba, B.V. v. Diamond Automation, Inc*, 325 F.3d 1306, 1313 (Fed. Cir. 2003); *see also Garrett v. TP-Link Research Am. Corp.*, No. 20-cv-03491-SI, at *7-8 (N.D. Cal. Sep. 14, 2020) ("Because methods cannot be sold in the same way as devices, the sale of a product for performing a claimed method does not constitute direct infringement.") (citing *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012)).

Thus, even if the Complaint sufficiently pleaded that the accused products can be used in an infringing manner to perform each step of the patented method, that would not be enough to state a claim of direct infringement by APsystems. To survive a motion to dismiss, the Complaint

would need to allege that APsystems itself performs all the claimed steps of at least one method claim of the '133 Patent.  But the Complaint does not allege that APsystems performs *any* of the three claimed steps of the only independent method claim, Claim 19—it only alleges that APsystems manufactures and sells "solar inverters that are used in DC to AC power conversion systems." (Complaint, Exhibit A at 5.)  This is insufficient to allege direct infringement of Claim 19 of the '133 Patent.

 ***Limitation 19(a)***: Limitation 19(a) requires, *inter alia*, that the accused infringer "provid[e] a plurality of DC power sources."  Instead of alleging that APsystems provides multiple DC power sources, the Complaint only alleges that a diagram in a APsystems manual "shows a plurality of DC power sources (solar panels) and a plurality of DC to AC power inverters (APsystems inverters)." *Id.*  Providing a manual that with a diagram of a plurality of solar panels is quite different from actually providing a plurality of solar panels. Thus, the Complaint fails to allege that APsystems practices the method step of "providing a plurality of DC power sources."

 ***Limitation 19(b)***: Limitation 19(b) requires that accused infringer "connect[] at least one of said DC power sources, respectively, to each of said DC input ports." Again, the Complaint merely cites a diagram from a manual showing customers how to connect solar panels to DC inputs, but falls short of alleging that APsystems itself actually performs this "connecting" step as required for direct infringement. *Id.* ¶10, 8:9-18.

 ***Limitation 19(c)***: Limitation 19(c) requires that the accused infringer "provid[e] AC power to the power grid." Here, too, the Complaint only cites the manual and does not allege that APsystems actually performs the step of providing power to the power grid. *Id.* ¶10, 8:19-23.

*Additional Method Claims:*

Because all other method claims depend from Claim 19, CyboEnergy likewise fails to state a claim of direct infringement with respect to those claims.

## V.   CONCLUSION

For the foregoing reasons, APsystems respectfully requests that the Court grant its motion and dismiss all claims of direct infringement of the '133 Patent from the lawsuit.

Dated: March 3, 2023                                   Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Kristopher L. Reed
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone: (415) 576-0200
Facsimile: (415) 576 0300
smoore@kilpatricktownsend.com

*Attorneys for Defendant*
*Altenergy Power System USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 3, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

21422549V.1