# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| CYBOENERGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-CV-01136-KC |
| | § | |
| ALTENERGY POWER SYSTEM USA, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## APSYSTEMS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND COMMUNICATIONS RESPONSIVE TO APSYSTEMS' REQUEST FOR PRODUCTION NO. 3

Pursuant to Federal Rules of Civil Procedure 37, Defendant Altenergy Power System USA, Inc. ("APsystems") moves to compel Plaintiff CyboEnergy, Inc. to produce documents and communications CyboEnergy exchanged with third parties regarding infringement contentions, settlement agreements, and licensing agreements for the remaining patent-in-suit. APsystems properly sought these documents in its Request for Production No. 3 because information about positions CyboEnergy has taken with third parties regarding the infringement of, licensing of, and settlement related to the patent-in-suit is relevant to several claims and defenses in this case. CyboEnergy has refused to produce any documents in response to this request, despite public filings in other cases indicating that such documents do exist. The Court should compel CyboEnergy to produce this information. APsystems further requests that the Court order CyboEnergy and/or its attorney to pay APsystems' expenses incurred in making this motion, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

4886-9562-5635

I. **BACKGROUND**

On October 28, 2022, CyboEnergy filed this case suing APsystems for patent infringement, alleging direct infringement, induced infringement, and contributary infringement of certain claims of U.S. Patent No. 8,786,133, titled "Smart and Scalable Power Inverters," and U.S. Patent No. 9,331,489, titled "Maximizing Power Production at Low Sunlight by Solar Power Mini-Inverters" (the "Patents-in-Suit"). In addition to this case, CyboEnergy has asserted the '133 and '489 Patents in four other district court cases: *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, 2:23-cv-00311 (E.D. Tex.) (currently pending); *CyboEnergy, Inc. v. Northern Elec. Power Tech., Inc*., 3:21-cv-08534 (N.D. Cal.) (terminated Dec. 27, 2022); *CyboEnergy, Inc. v. Aptos Solar Tech., LLC*, 6:22-cv-00281 (W.D. Tex.) (terminated July 11, 2022*); CyboEnergy, Inc. v. Sensata Techs. Holdings, PLC*, 2:21-cv-08216 (C.D. Cal.) (terminated Apr. 14, 2022).

On March 3, 2023, APsystems answered the Complaint and filed a motion to dismiss CyboEnergy's claim of direct infringement of the '133 Patent. On September 13, 2023, the Court granted APsystems' motion and dismissed the claim with prejudice. (Dkt. 33.)

Pursuant to this Court's Standing Order on Patent Cases, the parties were permitted to engage in claim construction discovery until September 28, 2023. *See* 4/18/23 Scheduling Order (Dkt. 21) at 1. On August 25, 2023, APsystems served its First Set of Requests for Production on Plaintiff. *See* Declaration of Johanna M. Wilbert ("Wilbert Decl.") ¶ 3, Ex. A. Request for Production No. 3 ("RFP 3") sought "All Documents and Communications exchanged with third parties regarding the Patents-in-Suit, including but not limited, to cease and desist letters, infringement contentions, claim charts, proposed claim constructions, expert reports, settlement agreements, and licensing agreements." *Id.* at 4. CyboEnergy objected to RFP 3 "on grounds that it seeks documents and information that is equally available to Defendant," citing the other district

court cases in which CyboEnergy has asserted the Patents-in-Suit. *See* Wilbert Decl. ¶ 4, Ex. B at 4. CyboEnergy also objected to RFP 3 to the "extent that it seeks documents and information that required to be kept confidential by the terms of said document." *Id.* CyboEnergy refused to product documents in response to this request. *Id.*

On September 28, 2023, APsystems sent CyboEnergy a letter addressing CyboEnergy's deficient responses to several of APsystems' discovery requests, including RFP 3. *See* Wilbert Decl. ¶ 5, Ex. C. APsystems' September 28 letter requested prompt supplement to its deficient responses and a meet and confer should CyboEnergy to refuse to supplement. *Id.* To address CyboEnergy's objection that the information APsystems sought was confidential, APsystems identified the Joint Stipulated Protective Order (Dkt. 29) as sufficient means for protecting any potentially confidential materials. *See* Wilbert Decl., Ex. C. Plaintiff never responded to APsystems' September 28 letter.

On October 13, 2023, APsystems sent a second letter renewing its request for a meet and confer. *See* Wilbert Decl. ¶ 6, Ex. D. The parties met and conferred on October 25, 2023. *See* Wilbert Decl. ¶ 7. During the meeting, counsel for CyboEnergy, Mr. Ramey, stated CyboEnergy had few documents responsive to RFP 3 and, for the first time, took the position that its communications with defendants in other cases may be privileged under Fed. R. Evid. 408. *Id.* Counsel for CyboEnergy indicated that he would review the case files and speak with his client. *Id.* CyboEnergy did not further respond to APsystems on this issue. *See* Wilbert Decl. ¶ 8.

APsystems once again wrote to seek answers. In a letter dated November 8, 2023, APsystems explained to CyboEnergy that any objection to RFP 3 on the basis of Fed. R. Evid. 408 was improper, and requested confirmation that CyboEnergy was not withholding documents and/or communications responsive to RFP 3. *See* Wilbert Decl. ¶ 8, Ex. E. Once again,

4886-9562-5635

CyboEnergy failed to respond to APsystems' letter. On February 1, 2024, APsystems emailed CyboEnergy's counsel providing notice of APsystems' intent to file this motion. *See* Wilbert Decl. ¶ 9, Ex. F. CyboEnergy's counsel responded that he was "discussing this issue with the client" and requested another meet and confer. *Id.* APsystems replied that it had first notified CyboEnergy of this issue in September and has yet to receive a formal response regarding CyboEnergy's position. *Id.* APsystems further informed CyboEnergy that it did not believe another meet and confer is necessary or productive. *Id.* APsystems informed CyboEnergy that if it could not provide a date certain by when it would produce the requested documents and communications, then by Monday, February 5, 2024 APsystems would move to compel. As of this filing, CyboEnergy has neither responded to APsystems' last email nor has otherwise indicated that CyboEnergy will supplement its response to RFP 3. *See* Wilbert Decl. ¶ 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) sets the scope of discovery. Fed. R. Civ. P. 26(b). "Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "A request for discovery is considered 'relevant' when it seeks admissible evidence or is 'reasonably calculated to lead to the discovery of admissible evidence." *Fed. Trade Comm'n ex rel. AG Dave Yost v. Educare Ctr. Servs., Inc.*, No. EP-19-CV-196-KC, 2020 WL 4334119 (W.D. Tex. Apr. 15, 2020) (quoting *Crosby*, F.3d at 262). A requesting party may move for an order compelling the production of documents if the responding party "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party resisting discovery must then "show specifically how each discovery request is not relevant or otherwise objectionable." *Mir v. L-3 Commc'ns*

4

*Integrated Sys., L.P.*, 319 F.R.D. 220, 224 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

**III.     ARGUMENT**

Plaintiff should be compelled to produce non-privileged settlement agreements, license agreements, infringement contentions, and other communications responsive to APsystems' RFP 3.  The information sought is relevant to the potential scope of infringement, the market value of the patents-in-suit, and potential damages at issue and should be produced.

**A.     Information Regarding Plaintiff's Prior Litigation Positions**

The documents and communications requested in RFP 3 include information related to infringement positions Plaintiff has adopted in other litigation involving the Patents-in-Suit.  This information is relevant to the dispute between the parties, as it is likely to (1) show what Plaintiff believes infringes the Patents-in-Suit, (2) identify prior art, and (3) contain potential admissions against interest if Plaintiff made infringement assertions to third parties in a way that contradicts Plaintiff's assertions in this litigation.  *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008).

Courts have consistently held that litigants are entitled to an opposing party's infringement contentions from other lawsuits involving the same or related patents.  *Fleet Connect Sols. LLC v. Waste Connections US, Inc.*, No. 2:21-CV-00365-JRG, 2022 WL 2805132, at *1 (E.D. Tex. June 29, 2022) (holding that "infringement contentions served in other cases on the same or related patents are relevant to the claims and defenses at issue in this case" and granting motion to compel same); *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (holding that a party's "prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case"); *Phoenix Sols.*

*Inc.*, 254 F.R.D. at 584 (holding that "warning" and "cease and desist" letters sent by the plaintiff to third parties was discoverable, and noting that "[i]f anything, the disclosure of such documents could assist the third parties in fostering discussions with other alleged infringers and helping them to ascertain the extent of their own relative liability to [the plaintiff].").

Courts have likewise held that litigants are also entitled to expert reports from other lawsuits involving the same patents-in-suit. *Finjan, Inc. v. Qualys Inc.*, No. 18-CV-07229-YGR-TSH, 2020 WL 4923964, at *3 (N.D. Cal. Aug. 21, 2020) (holding that the defendant was entitled to the plaintiff's expert's infringement analysis report from a different lawsuit regarding same patents-in-suit because the analysis in the expert's report was relevant to the defendant's arguments in the case at bar); *Infernal Tech.*, 2019 WL 5388442 at *2 (same). Plaintiff must produce the information requested in RFP 3 to APsystems.

B.     **Prior Settlement or Licensing Agreements for the Patents-in-Suit**

Settlement agreements or licensing agreements between Plaintiff and third parties (and related communications)[1] are relevant to the parties' claims and defenses in this case. This information is directly related to the determination of any potential damages award, including the availability of injunctive relief. Courts have frequently ordered production of settlement or license agreements. For example, in *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, the court ordered the plaintiff to "produce all final, executed licenses and settlement agreements existing between [the plaintiff] and any third party related to the patents-in-suit . . . as a means to facilitate calculations of a reasonable royalty as a measure of damages." 854 F. Supp. 2d 427, 428 (E.D. Tex. 2012). In *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, the court granted a motion to compel

---

[1] APsystems is only seeking production of communications regarding executed license or settlement agreements.

6

communications between the defendant and a third party that culminated in a license agreement to use the third-party's patented technology in the defendant's products, several of which were accused of infringing the plaintiffs' patents. No. CIVA2:07-cv-262 (TJW), 2010 WL 774878 (E.D. Tex. Mar. 2, 2010). The court explained that "[a] prior, related settlement agreement, where it exists, may be central to the fact-finder's determination of damages using a hypothetical negotiations analysis." *Id.* at *2. In *Daedalus Blue, LLC v. Microsoft Corp.*, this Court affirmed a Discovery Order holding "that the that the identity of the parties contacted about a license to the Asserted Patent are discoverable, as are any final consummated agreements that include the Asserted Patents." W-20-CV-01152-ADA, 2022 WL 3031076, **1, 4 (W.D. Tex. Aug. 1, 2022) (Albright, J.).

Any argument by CyboEnergy that these materials are privileged under Fed. Rule. Evid. 408 is unavailing. First and foremost, Fed. R. Evid. 408 "does not warrant protecting settlement negotiations from discovery. On its face, the rule applies to the admissibility of evidence at trial, not to whether evidence is discoverable." *Phoenix Sols. Inc.,* 254 F.R.D. at 584. The Western District of Texas has held that settlement negotiations with third parties, including claim charts, are not privileged and are discoverable. *Two-Way Media LLC v. AT&T Inc.*, No. SA-09-CA-476-OG, 2011 WL 13113724 (W.D. Tex. Mar. 7, 2011); *see also*, *United States v. Rsrv. Min. Co.*, 412 F. Supp. 705, 712 (D. Minn.), *aff'd and remanded sub nom. United States v. Rsrv. Mining Co.*, 543 F.2d 1210 (8th Cir. 1976) ("[FRE 408] is not designed to shield otherwise discoverable documents, merely because these documents represent factual matters that might be or are incorporated in a settlement proposal."). Furthermore, Fed. R. Evid. 408 only renders settlement communications inadmissible if the claim that the settlement communications concern is the same claim at issue in the litigation for which the evidence is offered. *See Baptiste v. Rohn*, 694 F.

7

App'x 880, 883 n. 3 (3d Cir. 2017) ("Rule 408 is typically applied to exclude statements made in the efforts to settle a claim in the trial involving that same claim.").

At bottom, it is well-settled that settlement or licensing agreements regarding patents asserted in subsequent litigation and communications related thereto are discoverable. Accordingly, this Court should compel Plaintiff's production of this information in response to APsystems' RFP 3. *See Lyft, Inc. v. Quartz Auto Techs. LLC*, No. 21-CV-01871-JST-RMI, 2022 WL 17076703, *5–6 (N.D. Cal. Nov. 18, 2022); *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 4:20-CV-00886, 2022 WL 19977100, *4–5 (E.D. Tex. Aug. 18, 2022); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72 DF, 2010 WL 903259, at *2 (E.D. Tex. Mar. 4, 2010).

### C.   APsystems Should be Awarded Reasonable Attorneys' Fees and Costs

APsystems further requests that the Court order Plaintiff or its attorneys to pay APsystems' expenses incurred in making this motion, including reasonable attorneys' fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A).  "Subject to certain exceptions, where a movant prevails on a motion to compel, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020) (Cardone, J.) (quoting Fed. R. Civ. P. 37(a)(5)(A)).  "The three exceptions are: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Haynes v. Otho*, No. MO:16-CV-00096-DC, 2017 WL 11645275, at *2 (W.D. Tex. Mar. 8, 2017).  None of these exceptions apply here.  As explained above, APsystems has repeatedly attempted to obtain the requested information from Plaintiff.

8

4886-9562-5635

After several letters, a meet and confer, and follow-up emails, Plaintiff has yet to provide any documents—or even a consistent position—in response to APsystems' RFP 3. Nor is Plaintiff's refusal to disclose this information substantially justified. While there is no bright-line test for "substantial justification," courts have held that "'some justification' will not suffice." *Id.* at *3 (citing *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985)). "Rather, the Court's focus must be on the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery, then such a justification is 'substantial.'" *Alvarez*, 107 F.R.D. at 662. Here, the significant body of case law in favor of APsystems' Motion to Compel shows that CyboEnergy's refusal to meaningfully engage in the discovery process is not substantially justified. Simply put, there is no justification for Plaintiff to withhold the requested documents and communications. Finally, there are no circumstances which would render an award of attorneys' fees unjust.

## IV.    CONCLUSION

The Court should grant APsystems' motion and order Plaintiff CyboEnergy to produce documents and communications responsive to APsystems' RFP 3 and award APsystems' its reasonable attorneys' fees and costs expended in bringing this motion.

Dated: February 5, 2024

Respectfully Submitted,

**QUARLES & BRADY LLP**

*/s/ Paige Arnette Amstutz*

Michael J. Curley *(pro hac vice)*
One South Church Avenue, Suite 1800
Tucson, AZ 85701
Ph: (520) 770-8700
michael.curley@quarles.com

Johanna M. Wilbert *(pro hac vice)*
411 E. Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Ph: (414) 277-5000
johanna.wilbert@quarles.com

Lauren C. Bolcar *(admitted in the WDTX)*
2020 K Street NW, Suite 400
Washington, D.C. 20006
Ph: (202) 372-9600
lauren.bolcar@quarles.com

**SCOTT DOUGLASS & MCCONNICO LLP**
Paige Arnette Amstutz
Texas State Bar No. 00796136
303 Colorado Street, Suite 2400
Austin, TX 78701
Ph: (512) 495-6300
pamstutz@scottdoug.com

*Attorneys for Defendant
Altenergy Power System USA, Inc.*

10

**LOCAL RULE CIV-7(g) CERTIFICATION**

Pursuant to Local Rule CV-7(g) and as described in detail above and in the accompanying Declaration of Johanna M. Wilbert, counsel for the parties have met and conferred on multiple occasions in a good-faith attempt to resolve this matter and counsel for APsystems certifies that no agreement could be made.

/s/ Johanna M. Wilbert
Johanna M. Wilbert

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 5, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz

4886-9562-5635